UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

BRADLEY MILLER
509 South 31st Street
Manitowoc, Wisconsin 54220

      Plaintiff,

v.

NEMSCHOFF, INC.
2218 Julson Court
Sheboygan, Wisconsin 53081

      Defendant

Case No: 20-cv-1349

**JURY TRIAL DEMANDED**

# COMPLAINT

COMES NOW Plaintiff, Bradley Miller, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Bradley Miller, is an adult male resident of the State of Wisconsin residing in Manitowoc County with an address of 509 South 31st Street, Manitowoc, Wisconsin 54220.

4. Defendant, Nemschoff, Inc., is a Wisconsin corporation with a principal place of business of 2218 Julson Court, Sheboygan, Wisconsin 53081.

5. Defendant manufactures healthcare furniture.

6. Defendant is a covered employer for purposes of the FMLA.

7. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

8. During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work at Defendant's Sheboygan, Wisconsin manufacturing facility.

9. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

10. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

11. Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

12. Plaintiff exhausted all administrative remedies, filing requirements, and/or satisfied all conditions precedent prior to bringing this action.

## GENERAL ALLEGATIONS

13. In approximately January 2018, Defendant hired Plaintiff into the position of Flow Coordinator.

14. On or about June 25, 2020, Plaintiff was involved in an off-work cycling accident.

15. As a result of Plaintiff's off-work cycling accident on or about June 25, 2020, Plaintiff was taken to the emergency room of a local hospital.

16. As a result of Plaintiff's off-work cycling accident on or about June 25, 2020, Plaintiff was medically excused from work at Defendant on June 26, 2020.

17. On or about June 26, 2020, Defendant received communication and/or correspondence from Plaintiff regarding his off-work cycling accident that occurred on or about June 25, 2020 and/or his medical excuse from work at Defendant on June 26, 2020.

18. On or about June 29, 2020, Plaintiff saw his treating physician, who advised and recommended that Plaintiff remain off of work at Defendant through July 10, 2020 because of the off-work cycling accident that occurred on or about June 25, 2020.

19. On or about June 29, 2020, Plaintiff communicated with Kristen Bauknecht, Defendant's Human Resources, and informed Bauknecht that his treating physician advised and recommended that he remain off of work at Defendant through July 10, 2020 because of the off-work cycling accident that occurred on or about June 25, 2020.

20. During Plaintiff's employment with Defendant, Defendant contracted with a third-party company, Cigna, to provide FMLA leave-related administration and services to Defendant's employees, including Plaintiff.

21. On or about June 29, 2020, Bauknecht informed Plaintiff to communicate with Cigna regarding leave from work at Defendant related to his off-work cycling accident that

occurred on or about June 25, 2020 and regarding his anticipated return to work at Defendant from leave.

22. During the year 2020, Plaintiff's off-work cycling accident that occurred on or about June 25, 2020 required at least two (2) appointments and treatment visits with his treating physicians.

23. During the year 2020, Plaintiff's off-work cycling accident that occurred on or about June 25, 2020 caused Plaintiff periods of incapacity.

24. On or about June 29, 2020, Plaintiff requested FMLA leave from Cigna from approximately June 26, 2020 to July 10, 2020 related to his off-work cycling accident that occurred on or about June 25, 2020.

25. As of at least on or about June 29, 2020, Defendant, including but not limited to Bauknecht, knew or was aware that Plaintiff was suffering from a serious health condition that could qualify for FMLA leave.

26. As of at least on or about June 29, 2020, Cigna knew or was aware that Plaintiff was suffering from a serious health condition that could qualify for FMLA leave.

27. On or about July 7, 2020, Plaintiff saw his treating physician, who released Plaintiff to return to work with restrictions at Defendant immediately if desired and/or if necessary.

28. On or about July 7, 2020 and upon receiving his release to return to work with restrictions at Defendant, Plaintiff verbally communicated this to Cigna, who assured Plaintiff that they would obtain the written work release directly from Plaintiff's treating physician and communicate same to Defendant.

29. On or about July 7, 2020, Plaintiff properly complied with Defendant's notice policies and practices, including but not limited to communicating with Cigna, regarding his anticipated return to work at Defendant with restrictions from leave.

30. On or about July 8, 2020, Cigna approved Plaintiff's continuous use of FMLA leave for his own serious health condition from June 26, 2020 to July 10, 2020.

31. On or about July 8, 2020 (and other than Cigna approving Plaintiff's continuous use of FMLA leave for his own serious health condition as stated in the aforementioned paragraph), neither Cigna nor Defendant communicated with Plaintiff regarding his return to work at Defendant.

32. On or about July 9, 2020, neither Cigna nor Defendant communicated with Plaintiff regarding his return to work at Defendant.

33. On or about July 10, 2020 and because he had not heard from either Cigna or Defendant in the two days prior (other than Cigna approving Plaintiff's continuous use of FMLA leave for his own serious health condition as stated in the above paragraphs), Plaintiff contacted Bauknecht via telephone (hereinafter simply "the July 10, 2020 telephone call").

34. During the July 10, 2020 telephone call, Bauknecht informed Plaintiff that she had not heard from Cigna regarding Plaintiff's release to return to work at Defendant with restrictions.

35. During the July 10, 2020 telephone call, Plaintiff told Bauknecht that he would directly send her the written release to return to work at Defendant with restrictions.

36. On or about July 10, 2020, Plaintiff sent Bauknecht his written release to return to work at Defendant with restrictions.

37. On or about July 10, 2020, Bauknecht informed Plaintiff that Defendant could "work with" Plaintiff's work restrictions, and Bauknecht told Plaintiff to report to work at Defendant next Monday, July 13, 2020.

38. On or about July 13, 2020, Plaintiff worked his normal and customary shift at Defendant.

39. At the end of Plaintiff's normal and customary shift at Defendant on or about July 13, 2020, Bauknecht terminated Plaintiff's employment from Defendant because of his use of approved FMLA leave from June 26, 2020 to July 10, 2020.

## FIRST CAUSE OF ACTION – FMLA INTERFERENCE

40. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

41. Defendant intentionally interfered with Plaintiff's rights by terminating Plaintiff's employment in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

42. As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages, employment benefits, insurance, and compensatory damages.

## SECOND CAUSE OF ACTION – FMLA RETALIATION

43. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

44. Defendant retaliated against Plaintiff in the terms and conditions of Plaintiff's employment and by terminating Plaintiff's employment for exercising her rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

45. As a result of Defendant's intentional violation of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 1st day of September, 2020

                                              WALCHESKE & LUZI, LLC
                                              Counsel for Plaintiff

                                              **s/ *Scott S. Luzi*** _____
                                              James A. Walcheske, State Bar No. 1065635
                                              Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com